UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSEPH EMANUEL,

                Plaintiff,

                - against -

THE CITY OF NEW YORK, JOHN DOE and
JANE DOE, the names being fictitious and
currently unknown, employees of the New
York City Police Department

                Defendants.
-----------------------------------------------------------------x

**COMPLAINT**

**CV 14   2397**

WEINSTEIN, J.

**Jury Trial Demanded**

MANN, M.J.

        Joseph Emanuel, by his attorney, the Law Office of Matthew Flamm, alleges the following upon information and belief as his Complaint:

### Nature of the Action

        1.    This civil rights action arises from the March 13, 2013 unlawful and abusive street stop and frisk of Joseph Emanuel. Plaintiff seeks as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

        2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

        3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Eastern District of New York because defendant City of New York resides in that judicial District.

### Parties

4.  Plaintiff JOSEPH EMANUEL ("plaintiff" or "Mr. Emanuel") is a resident of Kings County in the City and State of New York.

5.  Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6.  Defendants JOHN DOE and JANE DOE were at all times relevant duly appointed and acting employees of the City of New York acting within the scope of his employment by Defendant City's Police Department and assigned of the New York City Police Department's 79th Precinct in Brooklyn, New York. Plaintiff does not currently know the real name and shield number of the Doe defendants, a Caucasian male approximately 5'9", medium build and in his thirties and a Female African American approximately 5'6" and slightly heavy set.

7.  The Doe defendants (together, the "individual defendants") are liable either for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Emanuel was subjected despite having a reasonable opportunity to do so. They are sued in their individual capacity.

8.  At all times relevant, the individual defendants were acting under color of state law.

### Notice of Claim

9.  Plaintiff, within ninety days after the claims arose, filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

10. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

11. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

12. The New York City Comptroller's Office assigned the case claim number 2013PI015357.

13. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

14. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

### Facts Underlying Plaintiff's Claims for Relief

15. On March 13, 2013 between 7:00 and 8:00 p.m., Joseph Emanuel was walking home when he was accosted, detained, abusively questioned, and searched by defendant John Doe.

16. The two individual defendants drove up to plaintiff in an unmarked automobile and stopped him at and around the southwest corner of the intersection of Throop Avenue and Hancock Street in Brooklyn.

17. Plaintiff was ordered to stop, and he complied.

18. Defendant John Doe asked plaintiff if he had any weapons and, without consent, began to pat frisk Mr. Emanuel.

19. John Doe then began a prolonged, aggressive, loud, and repetitious questioning of Mr. Emanuel about a January 2013 shooting that had occurred nearby at Macon Street and Throop Avenue. Plaintiff was aware of the shooting through news reports but had no personal knowledge of the matter./[1]

---

1. See New York Daily News, Brooklyn man gunned down by two assailants in dark clothing only a few blocks from his home, http://www.nydailynews.com/new-york/brooklyn-man-gunned-assailants-dark-clothing-onlt-blocks-home-article-1.1238676; see also http://www.youtube.com/watch?v=OyiQMdHxol8 (SURVEILLANCE VIDEO: Suspects in Bedford-Stuyvesant shooting).

20. Mr. Emanuel was ordered by John Doe to provide identification, and Defendant appeared to be going to "run" plaintiff's name for warrants, but hesitated, thought better of it, and then gruffly returned the identification. He and his partner left. The entire encounter lasted approximately ten minutes.

21. Jane Doe was present during the incident and stood by.

22. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, search and detention of Mr. Emanuel.

23. The individual defendants' acts and omissions caused the plaintiff to suffer loss of liberty, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

24. The individual defendants, at all times relevant, and stopping, searching, and questioning Mr. Emanuel, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

25. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

26. By the actions described above, the individual Defendants stopped and searched Plaintiff without reasonable suspicion. Mr. Emanuel was not free to leave during the encounter.

27. Mr. Emanuel was thereby deprived of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

28. As a consequence thereof, Joseph Emanuel has been injured.

## SECOND CLAIM FOR RELIEF FOR FALSE ARREST

29. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

30. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

31. As a consequence thereof, Joseph Emanuel has been injured.

## THIRD CLAIM FOR RELIEF FOR ASSAULT

32. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

33. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

34. As a consequence thereof, Joseph Emanuel has been injured.

## FOURTH CLAIM FOR RELIEF FOR BATTERY

35. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

36. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

37. As a consequence thereof, Joseph Emanuel has been injured.

## FIFTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

38. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

39. Defendant Jane Doe failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Emanuel was subjected, despite having a reasonable opportunity to do so.

40. As a consequence thereof, Joseph Emanuel has been injured.

### SIXTH CLAIM FOR RELIEF FOR NEGLIGENCE

41. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

42. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to screen, assign, train, supervise, monitor, or discipline its law enforcement personnel, including assigning, training, supervising, monitoring, or disciplining individual Police personnel who unlawfully stop and search.

43. The defendant City of New York's failure properly to assign, train, supervise, monitor, or discipline its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional stops, searches, and arrests, and allowed the individual defendants to believe that they could with impunity abuse Mr. Emanuel.

44. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendants were and are potentially dangerous.

45. Defendant City's negligence in screening, hiring, training, disciplining, monitoring, and retaining the individual defendants proximately caused plaintiff's injuries.

46. As a consequence thereof, Joseph Emanuel has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered that his rights under the United States Constitution were violated, together with:

(A) Compensatory damages in an amount to be fixed at trial;

(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual Defendants in an amount to be fixed at trial;

(C) An award to plaintiff of the costs and disbursements herein;

(D) An award of attorney's fees under 42 U.S.C. §1988; and

(E) Such other and further relief as this Court may deem just and proper.

Dated: April 14, 2014
Brooklyn, New York

The Law Office of Matthew Flamm
*Attorney for Plaintiff*
26 Court Street, Suite 2208
Brooklyn, New York 11242
(718) 797-3117

_____
By: Matthew Flamm